[Cite as *In re J.S.*, 2026-Ohio-2443.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

In the Matter of J.S., an Alleged
Juvenile Traffic Offender

Case No. 25 CAF 12 0113

<u>Opinion And Judgment Entry</u>

Appeal from the Delaware County Court of
Common Pleas, Juvenile Division, Case No. 25-
10-0516-TR

Judgment:   Affirmed

Date of Judgment Entry: June 25, 2026

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** MELISSA A. SCHIFFEL, Delaware County Prosecuting Attorney and
KARALYN J. NOBLE, Assistant Prosecuting Attorney, for Appellant; WILLIAM T.
CRAMER, for Appellee.

*Montgomery, J.*

{¶1}   Appellant, the State of Ohio, appeals the judgment entered by the Delaware

County Common Pleas Court, Juvenile Division, dismissing the charge filed against

Appellee, J.S., of leaving the scene of an accident (R.C. 4549.02).

**STATEMENT OF THE FACTS AND THE CASE**

{¶2}   On October 24, 2025, J.S., who was a juvenile at the time, was issued a

traffic citation for speeding in violation of R.C. 4511.21(A) and leaving the scene of an

accident in violation of R.C. 4549.02.  An arraignment was scheduled for November 4,

2024. The trial court placed J.S. in a traffic diversion program and dismissed the charge of leaving the scene of an accident on November 5, 2025, sealing the record.

{¶3} The State appeals the November 5, 2025, judgment of the trial court dismissing the charge against J.S., assigning as error:

{¶4} "I. THE TRIAL COURT ERRED IN DISMISSING THE HIT-SKIP CASE WITHOUT COMPLYING WITH MARSY'S LAW."

{¶5} The State argues the trial court erred in dismissing the charge of leaving the scene of an accident without notifying the victim. We disagree.

## APPLICABLE LAW

{¶6} R.C. 2930.06 requires the prosecutor or the trial court to notify the victim of a crime prior to placing a juvenile offender in a diversion program or dismissing a charge:

(1) The prosecutor in a case or the prosecutor's designee, to the extent practicable, shall, on the victim's request, confer with the victim and the victim's representative, if applicable, at each of the following stages:

(a) Before pretrial diversion is granted to the defendant or alleged juvenile offender in the case;

(b) Before amending or dismissing an indictment, information, or complaint against that defendant or alleged juvenile offender, unless the amendment to the indictment, information, or complaint is a correction of a procedural defect that is not substantive in nature;

(c) Before agreeing to a negotiated plea for that defendant or alleged juvenile offender;

(d)     Before a trial of that defendant by judge or jury;

(e)     Before the juvenile court conducts an adjudicatory hearing for that alleged juvenile offender.

(2)     If the juvenile court disposes of a case prior to the prosecutor's involvement in the case, the court or a court employee shall notify the victim and the victim's representative in the case, if applicable, that the alleged juvenile offender will be granted pretrial diversion, the complaint against that alleged juvenile offender will be amended or dismissed, or the court will conduct an adjudicatory hearing for that alleged juvenile offender.

{¶7} However, the failure to provide notification to the victim does not affect the validity of the diversion or dismissal of the charge against the juvenile. R.C. 2930.06(A)(3) provides in pertinent part:

A prosecutor's failure to confer with a victim as required by this division and a court's failure to provide the notice as required by this division do not affect the validity of an agreement between the prosecutor and the defendant or alleged juvenile offender in the case, a pretrial diversion of the defendant or alleged juvenile offender, an amendment or dismissal of an indictment, information, or complaint filed against the defendant or alleged juvenile offender, a plea entered by the defendant or alleged juvenile defender, an admission entered by the defendant or alleged juvenile offender, or any other disposition in the case.

## ANALYSIS

{¶8} The State argues that based on R.C. 2930.06(A)(2), the trial court was required to notify the victim of the accident in this case prior to placing J.S. in a traffic diversion program and dismissing the charges. The State alleges in its brief, "Here, the case was handled by the court without prosecutor involvement and the victim later informed the prosecutor that they were not notified of any hearings." *Brief of Appellant,* p. 8. However, the record does not support the State's assertion.

{¶9} The State filed a "Notice of No Transcript" with this Court on December 18, 2025. The notice stated there was no recording from the arraignment in the case, and no hearing on the dismissal of the case because it was an informal proceeding. The State did not file a statement of the evidence or proceedings pursuant to App.R. 9(C), which sets forth the procedure for creating a record of the proceedings where a transcript is not available. As a result, this Court cannot determine from the record before us whether the prosecutor was involved in the proceedings at the time of the diversion and dismissal, thus relieving the trial court of the duty to notify the victim, or whether the victim was in fact notified and participated in the proceedings. While we have no reason to disbelieve the statement in the State's brief, the record does not demonstrate the alleged error. The duty to provide a record to this Court falls on the Appellant, and in the absence of a record demonstrating the error complained of, this Court must presume the validity of the proceedings in the trial court and affirm. *E.g., Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199 (1980).

{¶10} Assuming arguendo that the trial court was required by statute to notify the victim prior to entering the judgment of diversion and dismissing the charge against J.S. because the prosecutor was not involved, and failed to do so, the statute provides no

remedy. R.C. 2930.06(A)(3) specifically states the failure of the trial court to notify the victim does not affect the diversion and dismissal of the case. Therefore, there is no relief to be granted by this Court even if the record before us demonstrated a failure to comply with the notification provisions of R.C. 2930.06(A)(2).

{¶11} The assignment of error is overruled.

## CONCLUSION

{¶12} For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas, Juvenile Division, is affirmed.

{¶13} Costs are assessed to Appellant.

By: Montgomery, J.

King, P.J. and

Hoffman, J. concur.